## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PURDUE PHARMA L.P. | ) | CIVIL ACTION NO. 3:03CV966(AWT) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ETHEX CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | APRIL 26, 2004 |

### JOINT MOTION FOR EXTENSION OF DEADLINES

Pursuant to Federal Rules of Civil Procedures 6(b) and 26, and Local Rule of Civil Procedure 7(b), the parties hereby respectfully move for an extension of the Rule 26(f) Report in this matter (see Revised Rule 26(f) Report attached hereto as Ex. A).  The following chart provides a summary of the requested extensions.

| Task | Rule 26(f) Paragraph No. | Original Deadline | Revised Deadline |
|---|---|---|---|
| All Discovery Complete | V.E.2. | October 29, 2004 | December 3, 2004 |
| Fact Discovery Complete | V.E.3. | April 30, 2004 | June 11, 2004 |
| Expert Discovery Commence | V.E.3. | May 31, 2004 | July 16, 2004 |
| Expert Discovery Complete | V.E.3. | October 29, 2004 | December 3, 2004 |
| Deposition of Fact Witnesses Complete | V.E.5. | April 30, 2004 | June 11, 2004 |
| Reports of Experts of Party Having Burden | V.E.7. | May 31, 2004 | July 16, 2004 |
| Deposition of Experts of Party Having Burden Commence | V.E.7. | May 31, 2004 | July 16, 2004 |
| Deposition of Experts of  Party Having Burden Complete | V.E.7. | July 30, 2004 | September 17, 2004 |

**ORAL ARGUMENT IS NOT REQUESTED**

| Reports of Experts of Party Not Having Burden | V.E.8. | August 31, 2004 | October 8, 2004 |
|---|---|---|---|
| Deposition of Experts of Party Not Having Burden Commence | V.E.8. | August 31, 2004 | October 8, 2004 |
| Deposition of Experts of Party Not Having Burden Complete | V.E.8. | August 31, 2004 | December 3, 2004 |
| Damages Analysis Complete | V.E.10. | May 31, 2004 | July 16, 2004 |
| Dispositive Motions Filed | V.F. | January 7, 2005 | January 14, 2005 |

Despite their best efforts, the parties will be unable to meet the deadlines set forth in the original Rule 26(f) Report. The parties agree that these extensions are required. This extension will not impact the filing of the Joint Trial Memorandum. This is the parties' first request for an extension of time with respect to these deadlines.

WHEREFORE, the parties respectfully request that this motion be granted.

PURDUE PHARMA L.P.                           ETHEX CORPORATION


By _____          By_____
Matthew J. Becker (ct10050)                  William Wade Kaliff (ct03565)
mjbecker@dbh.com                             wkaliff@rms-law.com
James Mahanna (ct24681)                      Glenn E. Coe (ct05372)
jmahanna@dbh.com                             gcoe@rms-law.com
DAY, BERRY & HOWARD LLP                      ROME MCGUIGAN SABANOSH, P.C.
CityPlace I                                  One State Street
Hartford, CT 06103-3499                      Hartford, CT 06103
Telephone:  (860) 275-0100                   Telephone:  (860) 549-1000
Facsimile:  (860) 275-0343                   Facsimile:  (860) 724-3291
Attorneys for Plaintiff                      Attorneys for Defendant

OF COUNSEL:                                  OF COUNSEL:
Herbert F. Schwartz (ct08107)                Thomas C. Morrison (ct00646)
Susan Progoff (ct25186)                      Naomi J. Schrag (ct25002)
Shawn McDonald (ct25187)                     PATTERSON, BELKNAP, WEBB & TYLER
FISH & NEAVE                                 113 Avenue of the Americas
1251 Avenue of the Americas                  New York, NY   10036-6710
New York, New York 10020                     (212) 336-2000
(212) 596-9000

**<u>CERTIFICATION</u>**

THIS IS TO CERTIFY that a copy of the foregoing was mailed, first class mail, postage prepaid, on this 26th day of April, 2004, to:

William Wade Kaliff
Glenn E. Coe
ROME MCGUIGAN SABANOSH
One State St.
13th Floor
Hartford, CT   06103-3101
(860) 549-1000

Thomas C. Morrison
Naomi J. Schrag
PATTERSON, BELKNAP, WEBB & TYLER
113 Avenue of the Americas
New York, NY   10036-6710
(212) 336-2000

_____
James Mahanna

-4-

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PURDUE PHARMA L.P., | : | CIVIL ACTION NO.:  3:03CV966(AWT) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ETHEX CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | April 26, 2004 |
| | : | |
| | : | |
| | : | |

## RULE 26(f) REPORT (REVISED) OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the Plaintiff and the Defendant submit the following joint report:

**Date Complaint Filed**:          May 30, 2003

**Date Complaint Served** :          June 10, 2003

**Date of Defendant's Appearance**:  June 30, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 38, a conference was held on July 28, 2003.  The participants were:

For the Plaintiff:        Matthew J. Becker, Day, Berry & Howard LLP, Hartford, Connecticut; Susan Progoff and Shawn E. McDonald, Fish & Neave, New York, New York; and, Philip C. Strassburger and Peter Mendelson, Purdue Pharma L.P., Stamford, Connecticut;

For the Defendant:        Glenn Coe, Rome McGuigan Sabanosh, P.C., Hartford, Connecticut; and, Naomi J. Schrag, Patterson, Belknap, Webb & Tyler, New York, New York.

**I.      Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**

A.      Subject Matter Jurisdiction

The parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

B.      Personal Jurisdiction

For the claims asserted by the Plaintiff in this suit, the parties agree that the Defendant is subject to the jurisdiction of this Court.

**III.    Brief Description of Case**

A.      Claims of Plaintiff:

This is an action for trademark infringement, trademark dilution and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., for unfair competition under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et. seq. (2003), and for trademark

infringement and unfair competition at common law brought by the Plaintiff against the Defendant.

The Complaint consists of six counts:

(1)    Trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) (Complaint, Count One);

(2)    Unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Complaint, Count Two);

(3)    Trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (Complaint, Count Three);

(4)    Unfair competition in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et. seq. (2003) (Complaint, Count Four);

(5)    Trademark infringement in violation of the common law (Complaint, Count Five); and,

(6)    Unfair competition in violation of the common law (Complaint, Count Six).


B.    Defenses of Defendant:

(1)    The Complaint fails to state a cause of action;

(2)    The Complaint, including, but not limited to plaintiff's claim for damages, is barred by the doctrines of laches, estoppel and acquiescence;

(3)    Defendant's use of "OXY" in its OXYDOSE mark is fair use because "OXY" is descriptive of oxycodone;

(4)    Defendant's use of "OXY" in its OXYDOSE mark is fair use because "OXY" is a generic term for oxycodone.

**IV.    Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.  Purdue is engaged in the business of manufacturing, marketing, offering for sale, selling and distributing in interstate commerce pharmaceutical products including OXYCONTIN®, OXYIR® and OXYFAST®, which are pain relief/analgesic preparations containing oxycodone.

2.  Ethex is engaged in the business of marketing, offering for sale, and selling pharmaceutical products, including pain relief/analgesic preparations containing oxycodone.

3.  After Purdue began using its OXY marks, Ethex began marketing and selling an oxycodone product for the treatment of pain under the mark OXYDOSE.

4.  After Purdue became aware of Ethex's use of the mark OXYDOSE, Purdue's attorney wrote to Ethex and requested that ETHEX discontinue its use of the mark OXYDOSE. Ethex did not agree to discontinue its use of the mark OXYDOSE.

## V.        Case Management Plan

### A.        Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:  See subparts D, E, F, and G below.

### B.        Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C.        Early Settlement Conference

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.    The parties do not request an early settlement conference.

3.    If a settlement conference is scheduled, the parties prefer a settlement conference before a Magistrate Judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

### D.        Joinder of Parties and Amendment of Pleadings

1.    Plaintiff should be allowed until October 31, 2003 to file motions to join additional parties and until October 31, 2003 to file motions to amend the pleadings.

2.    Defendant should be allowed until October 31, 2003 to file motions to join additional parties and until October 31, 2003 to file motions to amend the pleadings.

-10-

**E.     Discovery Plan**

1.     The parties anticipate that discovery will be needed on (but not limited to) the following subjects:

    a.     Defendant's selection, adoption, and use of the mark OXYDOSE.

    b.     Defendant's intent in selecting, adopting, and using the mark OXYDOSE.

    c.     Defendant's advertising, promotion, and marketing of its OXYDOSE product.

    d.     Likelihood of confusion regarding the nature and origin of Defendant's OXYDOSE product.

    e.     Defendant's sales of its OXYDOSE product, and profits derived from those sales.

    f.     Plaintiff's selection, adoption and use of the names OXYCONTIN®, OXYIR®, and OXYFAST® ("plaintiff's OXY marks").

    g.     Plaintiff's intent in selecting, adopting and using plaintiff's OXY marks.

    h.     Plaintiffs advertising, promotion, and marketing of OXYCONTIN®, OXYIR®, and OXYFAST®.

    i.     Plaintiff's enforcement of plaintiff's OXY marks.

    j.     The strength or weakness of plaintiff's OXY marks.

    k.     Plaintiff's timing in filing suit.

    l.     The status of "oxy" as a descriptive or generic reference to oxycodone.

The parties reserve the right to conduct discovery on additional topics if necessary. In addition, the parties anticipate the need for a protective order governing confidential information, and intend to prepare a stipulated protective order for the Court's consideration.

-11-

2.      Discovery may commence on August 11, 2003, and all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by December 3, 2004.

3.      Discovery will be conducted in two phases, consisting first of a nine-month fact discovery phase and second, a five-month expert discovery phase.  Discovery on factual issues will be completed by June 11, 2004.  Expert discovery will commence on July 16, 2004 and be completed by December 3, 2004.  If the results of expert discovery necessitate additional fact discovery, as provided below, all such additional fact discovery will be completed by December 31, 2004.

4.      The parties have not identified any issues for early discovery.  In addition, the parties hereby stipulate that initial disclosures pursuant to Fed. R. Civ. P. 26(a) will not be required in this case.

5.      The parties stipulate that, should either party require more than 10 fact depositions, the parties will attempt to negotiate the number of additional depositions required.  If the parties cannot agree, they will seek the intervention of the Court.  The depositions of fact witnesses may commence beginning on September 30, 2003 and must be completed by June 11, 2004.  Each party reserves the right to seek additional depositions of fact witnesses, either by stipulation of the other party, or at the Court's discretion.

6.      Each party does not at this time request permission to serve more than twenty-five (25) interrogatories, including sub-parts, but reserves the right to request such permission in the event that it later believes additional interrogatories are necessary.

7.      The parties may call expert witnesses at trial.  The party having the burden of proof on an issue shall designate all trial experts and provide opposing counsel with reports from

retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on such issue(s) by July 16, 2004.

Depositions of any such experts may commence on or after July 16, 2004, and will be completed

by September 17, 2004. The party designating such experts shall, if requested, produce such

experts on mutually convenient dates prior to the deadline for responsive expert reports set forth

in paragraph 8, below. In the event that such an expert's report or deposition requires additional

fact discovery not anticipated by a party, then such discovery must be completed by December

22, 2004.

8.      The party not having the burden of proof on an issue will designate all trial

experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ.

P. 26(a)(2) on such issue(s) by October 8, 2004. Depositions of such experts may commence on

or after October 8, 2004, and will be completed by December 3, 2004. In the event that such an

expert's report or deposition requires additional fact discovery not anticipated by a party, then

such discovery must be completed by December 31, 2004. Within ten days of the service of any

expert report pursuant to this paragraph and/or paragraph 7, above, the designating party shall

produce the file of the expert witness authoring such report, including all documents reviewed

and/or relied upon in connection with the preparation of the report as well as any computer

generated data or information.

9.      The disclosure dates set forth in paragraphs 7 and 8 above shall not provide a

basis for either party to seek an extension of time to respond to a motion for summary judgment.

10.     A damages analysis will be provided by any party who has a claim or

counterclaim for damages by July 16, 2004. The parties agree that this provision does not excuse

the parties from fully responding to damages discovery requests served prior to this time that are

not otherwise objectionable.

**F.     Dispositive Motions**

Dispositive motions will be filed on or before January 14, 2005.

**G.     Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by March 7, 2005, if no dispositive motions are filed, or within thirty (30) days of the Court's ruling on any dispositive motions, if any such motions are filed.

**VI.     Trial Readiness**

The case will be ready for trial within thirty (30) days of the filing of the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

-14-

Respectfully Submitted,

**PLAINTIFFS:**

By:_____

        Matthew J. Becker (ct10050)
        James Mahanna (ct24681)
        Day, Berry & Howard LLP
        City Place I
        185 Asylum Street
        Hartford, Connecticut 06103
        Phone:  860.275.0100
        Fax:  860.275.0343


        Herbert F. Schwartz
        Susan Progoff
        Shawn E. McDonald
        FISH & NEAVE
        1251 Avenue of the Americas
        New York, NewYork 10020
        212.596.9000

**DEFENDANT:**

By:_____

        William Wade Kaliff (ct03565)
        wkaliff@rms-law.com
        Glenn E. Coe (ct05372)
        gcoe@rms-law.com
        Rome McGuigan Sabanosh, P.C.
        One State Street
        Hartford, CT 06103
        Telephone No.:  (860)549-1000
        Facsimile No.:  (860) 724-3921

        Thomas C. Morrison, Esq. (Fed. Bar. #ct00646)
        Naomi J. Schrag, Esq. (Fed. Bar #ct25002)
        Patterson, Belknap, Webb & Tyler LLP
        1133 Avenue of the Americas
        New York, NY 10036-6710
        Telephone No.: (212) 336-2000
        Facsimile No.:  (212) 336-2222